1

2

3

4

5

6

7

8

9

10

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOUGLAS M. MARTIN,<br><br>    Plaintiff,<br><br>    v.<br><br>CALIFORNIA DEPARTMENT OF<br>CORRECTIONS & REHABILITATION,<br>et al.,<br><br>    Defendants. | No.  1:23-cv-00822-SAB (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO<br>RANDOMLY ASSIGN A DISTRICT JUDGE<br>TO THIS ACTION<br><br>FINDINGS AND RECOMMENDATIONS<br>RECOMMENDING DISMISSAL OF<br>CERTAIN CLAIMS AND DEFENDANTS<br><br>(ECF No. 12) |

Plaintiff is proceeding pro se and in forma pauperis in this action filed pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's amended complaint, filed September 29, 2023.

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B); see also 28 U.S.C. § 1915A(b).

1

1    A complaint must contain "a short and plain statement of the claim showing that the

2    pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not

3    required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

4    conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell

5    Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Moreover, Plaintiff must demonstrate

6    that each defendant personally participated in the deprivation of Plaintiff's rights.  Jones v.

7    Williams, 297 F.3d 930, 934 (9th Cir. 2002).

8    Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings

9    liberally construed and to have any doubt resolved in their favor.  Wilhelm v. Rotman, 680 F.3d

10   1113, 1121 (9th Cir. 2012) (citations omitted).  To survive screening, Plaintiff's claims must be

11   facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer

12   that each named defendant is liable for the misconduct alleged.  Iqbal, 556 U.S. at 678-79; Moss

13   v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The "sheer possibility that a defendant

14   has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's

15   liability" falls short of satisfying the plausibility standard.  Iqbal, 556 U.S. at 678; Moss, 572 F.3d

16   at 969.

## II.

## COMPLAINT ALLEGATIONS

19   The Court accepts Plaintiff's allegations in his complaint as true *only* for the purpose of

20   the screening requirement under 28 U.S.C. § 1915.

21   Plaintiff names Director of the California Department of Corrections and Rehabilitation

22   (CDCR) Connie Gipson, officer Maria Flores, and officer Oscar Rubio, as Defendants.

23   On August 9, 2022, while Plaintiff was housed at Kern Valley State Prison (KVSP),

24   during room release, officers Rubio and Flores ran the top tier program.  Officer Flores called her

25   two porters over to her.  Flores then announced in a loud voice while pointing at Plaintiff's door,

26   "we're going to bounce this piece of shit, fucken pervert T. Martin out of our building he was

27   'jacking off' in front of C/O Bedolla."  This never happened, and if it did occur Plaintiff would

28   have received a Rules Violation Report and referral to the District Attorney.  Plaintiff heard the

comment and yelled back to Flores, "watch your mouth" because it was not true.  Flores responded, "Yea it is, it wouldn't have been a problem if you would have kept your little white dick, your little ass inch worm, your little wet noodle in your pants."  Officer Flores and Plaintiff continued to "cuss" at one another, and officer Rubio joined in cussing at Plaintiff and challenged Plaintiff to go to dayroom and do something.  Plaintiff replied that he would "come out and do something."  Rubio then threatened to kill Plaintiff stating, "I'll have my gunner shot you and blow your fucken head off."  Plaintiff started to "flip out."  He covered his windows and told officers to get a sergeant and lieutenant.  Rubio then told all the inmates in B-Pod, "I was a piece of shit and they needed to take care of me.  I needed to be removed."  Plaintiff can only construe from their actions that they intended for Plaintiff to be hurt.  The threat, itself, implies officer Rubio's intent to have Plaintiff harmed.

Officer Flores words were specifically designed for the purpose of humiliating, degrading or demeaning Plaintiff causing Plaintiff mental anguish.  Plaintiff lost monetary property and legal case paperwork.  Plaintiff lives in fear and discontent that some officer or inmate may do him harm.

**III.**

**DISCUSSION**

**A.    Director of CDCR as Defendant**

Plaintiff names Defendant Gipson (the CDCR Director) in the caption of the complaint, but Plaintiff does not claim that this Defendant personally violated his constitutional rights. Respondeat superior liability is not available under section 1983. See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, Plaintiff must allege that the supervisory liability Defendant "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Id.  Here, no facts are alleged to establish supervisorial liability on the part of Defendant Gipson. Accordingly, Plaintiff fails to state a cognizable claim against Defendant Gipson.

**B.    Sexual Harassment**

Sexual harassment or abuse of an inmate by a prison official is a violation of the Eighth Amendment. Wood v. Beauclair, 692 F.3d 1041, 1046, 1051 (9th Cir. 2012) (citing Schwenk v.

Hartford, 204 F.3d 1187, 1197 (9th Cir. 2000)). In evaluating such a claim, "courts consider whether 'the official act[ed] with a sufficiently culpable state of mind' " -- the subjective component -- "and if the alleged wrongdoing was objectively 'harmful enough' to establish a constitutional violation" -- the objective component. Wood, 692 F.3d at 1046 (alteration in original) (quoting Hudson v. McMillian, 503 U.S. 1, 8 (1992)).  As "sexual assault serves no valid penological purpose ... where an inmate can prove that a prison guard committed a sexual assault, we presume the guard acted maliciously and sadistically for the very purpose of causing harm, and the subjective component of the Eighth Amendment claim is satisfied." Bearchild v. Cobban, 947 F.3d 1130, 1144 (9th Cir. 2020) (citing Wood, 692 F.3d at 1050; Schwenk, 204 F.3d at 1196 n.6). "Any sexual assault is objectively 'repugnant to the conscience of mankind' and therefore not de minimis for Eighth Amendment purposes." Bearchild, 947 F.3d at 1144 (quoting Hudson, 503 U.S. at 10).  In sum,

> a prisoner presents a viable Eighth Amendment claim where he or she proves that a prison staff member, acting under color of law and without legitimate penological justification, touched the prisoner in a sexual manner or otherwise engaged in sexual conduct for the staff member's own sexual gratification, or for the purpose of humiliating, degrading, or demeaning the prisoner.

Bearchild, 947 F.3d at 1144.

Although prisoners have a right to be free from sexual abuse, whether at the hands of fellow inmates or prison guards, the Eighth Amendment's protections do not extend to all forms of sexual harassment.  Where no inappropriate touching is pled, claims alleging mere verbal sexual harassment or otherwise sexually inappropriate conduct have generally been found to be noncognizable under the Eighth Amendment. See, e.g., Austin v. Terhune, 367 F.3d 1167, 1172 (9th Cir. 2004) ("[T]he Eighth Amendment's protections do not necessarily extend to mere verbal sexual harassment."); Alverto v. Dep't of Corrs., 2013 WL 1750710, at *11-12 (W.D. Wash. Feb. 15, 2013) (finding search not objectively harmful enough and recommending summary judgment for defendant correctional officer on Eighth Amendment claim where defendant, during a strip search of prisoner, said, "[L]et's see how long your weiner hangs" and "lustfully stare[d] at his body" in a search that lasted approximately two minutes), adopted by 2013 WL 1743878 (W.D.

4

Wash. Apr. 23, 2013); Johnson v. Carroll, 2012 WL 2069561, at *30 (E.D. Cal. June 7, 2012)

(recommended summary judgment for defendant correctional officer on Eighth Amendment

claim where defendant conducted unclothed body search of plaintiff, where plaintiff had to squat,

pull his buttocks apart and cough three times, defendant told plaintiff to show him his "ass," and

defendant became sexually aroused), adopted by 2012 WL 3756483 (E.D. Cal. Aug. 28, 2012);

see also Grisham v. County of Los Angeles, 2019 WL 2360897, at *11 (C.D. Cal. Apr. 26, 2019)

(female prisoner failed to identify "any facts raising a reasonable inference that the deprivation

was sufficiently serious to support an Eighth Amendment claim," based on allegations that female

guards made vulgar comments, shined flashlight up female prisoner's buttocks and vagina for two

to three minutes, while laughing and making lustful comments or sexual innuendo, during visual

unclothed body searches), adopted by, 2019 WL 2358914 (C.D. Cal. June 3, 2019); Moore v.

Calderon, 2021 WL 1541296, at *2 (E.D. Cal. Apr. 20, 2021) (the court found that defendant's

order for plaintiff to show him her breasts was not "unusually gross even for a prison setting.");

Reed v. Racklin, 2019 WL 4745266, at *5 (E.D. Cal. Sept. 30, 2019) (the court found the alleged

statement by a correctional counselor that, "Do you think you could jack me off in the blink of an

eye?" did not violate Eighth Amendment.); Baker v. Battad, 2020 WL 487411, at *1, *4 (S.D.

Cal. Jan. 30, 2020), report and recommendation adopted, 2020 WL 3451329 (S.D. Cal. June 24,

2020) (the court found that three alleged comments made by a prison guard to the plaintiff were

sexual in nature and highly inappropriate but were "not unusually gross for a prison setting," and

noted that courts had found even worse comments made in the prison setting not to be actionable.

These comments included defendant telling plaintiff that "he wanted to suck [plaintiff's] penis,"

"let me see your hot dog," and "I'm going to show you mine."); Horton v. Billingsley, 2019 WL

7630863, at *2, *4 (C.D. Cal. Dec. 3, 2019), report and recommendation adopted, 2020 WL

362634 (C.D. Cal. Jan. 20, 2020), the court found that statements to plaintiff asking, "if he took

[her] home with him, could he get into [her] pants whenever he wants?" and telling her to "stay

beautiful" and "keep [her] skin soft" and that he admired the way she carried herself and got

along with others did not violate the Eighth Amendment.); Thompson v. Cagle, 2019 WL

4392411, at *2, *3 (E.D. Cal. Sept. 13, 2019), report and recommendation adopted, 2019 WL

5308994 (E.D. Cal. Oct. 21, 2019) (the court found that "cat calls" by defendant toward plaintiff, statements that if plaintiff was not fond of the "cat calls" then plaintiff could be replaced by an alternate inmate, and allegations that defendant was "excessive" in making inappropriate sexual remarks against him regarding anal sex, comparing male anatomy of different ethnicities, and stating "fuck me running," did not violate the Eighth Amendment.); Cruz v. Savoie, 2018 WL 2356761, at *1-2 (E.D. Cal. May 24, 2018) (the court found that two instances of the defendant asking the plaintiff to expose himself to her did not violate the Eighth Amendment.); Patrick v. Hernandez, 2018 WL 5095130, at *1, *3 (E.D. Cal. Oct. 17, 2018) report and recommendation adopted, Nov. 27, 2018, Doc. No. 20) (the court addressed instances of alleged persistent sexual harassment, finding that allegations that defendant sexually harassed plaintiff by saying, "Patrick suck my dick" and "you want it in the ass," and saying to other inmates that "Patrick likes to jack people off" and "Patrick likes it in the ass," and that defendant put his hand on his own crotch and squeezed while telling plaintiff to "lick [his] nuts" did not violate the Eighth Amendment.); Brewster v. Mills, 2022 WL 976973 (N.D. Cal. March 31, 2022), the court found that persistent, verbal sexual harassment did not violate the Eighth Amendment).

The comments Defendant Flores allegedly made to Plaintiff herein were offensive and inappropriate. However, based on the cases cited above, it is clear that the type of comments allegedly made by Defendant Flores to Plaintiff were not unusually gross even for the prison setting. As the cases above make clear, Defendant Flores's alleged persistent verbal sexual harassment of Plaintiff did not violate the Eighth Amendment.  Accordingly, Plaintiff fails to state a cognizable claim for sexual harassment.

### C.      Deliberate Indifference to Plaintiff's Safety

The Eighth Amendment requires that prison officials take reasonable measures to guarantee the safety of prisoners. Farmer v. Brennan, 511 U.S. 825, 832 (1994). In particular, prison officials have a duty to protect prisoners from violence at the hands of other prisoners. Id. at 833; Cortez v. Skol, 776 F. 3d 1046, 1050 (9th Cir. 2015); Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005); Gillespie v. Civiletti, 629 F.2d 637, 642 & n.3 (9th Cir. 1980).  The failure of prison officials to protect inmates from attacks by other inmates or from

dangerous conditions at the prison violates the Eighth Amendment when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious; and (2) the prison official is, subjectively, deliberately indifferent to inmate health or safety. Farmer, 511 U.S. at 834. A prison official is deliberately indifferent if he knows of and disregards an excessive risk to inmate health or safety by failing to take reasonable steps to abate it. Id. at 837.

A prisoner may state a section 1983 claim under the Eighth Amendment against prison officials only where the officials acted with "deliberate indifference" to the threat of serious harm or injury to an inmate by another prisoner, Berg v. Kincheloe, 794 F.2d 457, 459 (9th Cir. 1986); see also Valandingham v. Bojorquez, 866 F.2d 1135, 1138 (9th Cir. 1989) (deliberately spreading rumor that prisoner is snitch may state claim for violation of right to be protected from violence while in state custody), or by physical conditions at the prison. The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. See Farmer, 511 U.S. at 837.

Based on Plaintiff's allegations in the amended complaint, Plaintiff states a cognizable claim for deliberate indifference to his safety against Defendants Flores and Rubio.

**D.     Leave to Amend**

The Court will recommend that the second amended complaint be dismissed without leave to amend because Plaintiff was previously notified of the deficiencies and has failed to correct them. A plaintiff's "repeated failure to cure deficiencies" constitutes "a strong indication that the [plaintiff] has no additional facts to plead" and "that any attempt to amend would be futile[.]" See Zucco Partners, LLC v. Digimarc Corp., 552 F.3d 981, 1007 (9th Cir. 2009) (internal citations and quotation marks omitted) (upholding dismissal of complaint with prejudice when there were "three iterations of [the] allegations—none of which, according to [the district] court, was sufficient to survive a motion to dismiss"); see also Simon v. Value Behavioral Health, Inc., 208 F.3d 1073, 1084 (9th Cir. 2000) (affirming dismissal without leave to amend where plaintiff failed to correct deficiencies in the complaint, where court had afforded plaintiff opportunities to do so, and had discussed with plaintiff the substantive problems with his claims), amended by 234 F.3d 428, overruled on other grounds by Odom v. Microsoft Corp., 486 F.3d 541, 551 (9th Cir.

7

2007); <u>Plumeau v. Sch. Dist. 40 Cnty. Of Yamhill</u>, 130 F.3d 432, 439 (9th Cir. 1997) (denial of leave to amend appropriate where further amendment would be futile).

Where a "plaintiff has previously been granted leave to amend and has subsequently failed to add the requisite particularity to his claims, the district court's discretion to deny leave to amend is particularly broad." <u>Zucco</u>, 552 F.3d at 1007 (quotations and citations omitted). In light of Plaintiff's failure to provide additional information about his claims despite specific instructions from the court, the Court finds that further leave to amend would be futile and the first amended complaint should be dismissed without leave to amend. <u>Hartmann v. CDCR</u>, 707 F.3d 1114, 1130 (9th Cir. 2013) ("A district court may deny leave to amend when amendment would be futile."). Accordingly, the Court finds further amendment would be futile.

**V.**

**ORDER AND RECOMMENDATIONS**

Based on the foregoing, the Court finds that Plaintiff has stated a cognizable deliberate indifference to safety claim against Defendants Flores and Rubio.  However, Plaintiff has failed to state any other cognizable claims.

Accordingly, it is HEREBY ORDERED that the Clerk of Court shall randomly assign a District Judge to this action.

Further, it is HEREBY RECOMMENDED that:

1.     This action proceed on Plaintiff's deliberate indifference to safety claim against Defendants Maria Flores and Omar Rubio; and

2.     All other claims and Defendants be dismissed for failure to state a cognizable claim for relief.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  <u>Wilkerson v. Wheeler</u>, 772 F.3d 834,

838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **October 19, 2023**

UNITED STATES MAGISTRATE JUDGE