UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOUGLAS M. MARTIN,<br><br>  Plaintiff,<br><br>  v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS & REHABILITATION, et al.,<br><br>  Defendants. | No. 1:23-cv-00822-JLT-SAB (PC)<br><br>ORDER REGARDING PLAINTIFF'S NOTICE OF CLARIFICATION AS TO SETTLEMENT CONFERENCE<br><br>(ECF No. 33) |

Plaintiff is proceeding pro se and in forma pauperis in this action filed pursuant to 42 U.S.C. § 1983.

This case was set for a settlement conference before Magistrate Judge Barbara A. McAuliffe on April 25, 2024; however, due to security concerns at California Correctional Institution, Tehachapi, where Plaintiff is housed, the settlement conference could not proceed. The Court therefore continued the settlement conference to take place in person at the California State Prison, Corcoran (CSP-COR), 4001 King Avenue, Corcoran, CA 93212 on June 3, 2024 at 8:30 a.m.[1]  (ECF No. 30.)

On May 6, 2024, Plaintiff filed a notice regarding the settlement conference stating that

---

[1] On May 3, 2024, the Court issued the writ of habeas corpus ad testificandum for Plaintiff's transportation for the in person conference.  (ECF No. 32.)

1

the security concerns were exaggerated and he is "looking for clarification and wondering why we couldn't just schedule a new zoom videoconference from here." (ECF No. 33.) Plaintiff submits that he is not endorsed to be housed at CSP-COR and questions whether he will be "going out to court for the day?" so he does not lose his job, housing assignment, etc. (Id.)

Plaintiff is advised that the Court has determined that the case will benefit from an in-person settlement conference to take place at CSP-COR during the post-screening ADR (Alternative Dispute Resolution), and the conference will begin and conclude on June 3, 2024- resulting in the writ of habeas corpus ad testificandum being discharged. The Court must schedule matters, such as this, in order to accommodate its calendar and to proceed with cases in an efficient manner. To the extent Plaintiff objects to his transfer to CSP-COR for the conference, Plaintiff is advised that should this case proceed to trial he will be required to be transported to the Court to litigate this manner and he is required to do so with regard to all matters scheduled in this case. Accordingly, Plaintiff's motion to conduct the settlement conference via Zoom videoconference is denied.

IT IS SO ORDERED.

Dated:  **May 8, 2024**

UNITED STATES MAGISTRATE JUDGE

2